HUNTON ANDREWS KURTH LLP
ROLAND M. JUAREZ (State Bar No. 160793)
ANH N. SHIGEKAWA (State Bar No. 280752)
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA GONZALES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina corporation; and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO. 1:19-cv-00232-LJO-JLT<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT; [~~PROPOSED~~] ORDER** (Doc. 13) |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties submit that good cause exists for the issuance of this Order for the following reasons:

(a)     Discovery obtained in the above-captioned action may involve disclosure of nonpublic, confidential, proprietary, commercially-sensitive and/or trade secret information.  Disclosure of this information to persons who are not entitled to it carries the danger of compromising the competitive business interests of Defendant Lowe's Home Centers, LLC ("Lowe's") and also risks invasion of the legitimate personal privacy interests of Plaintiff Monica Gonzales ("Plaintiff") and non-parties. Lowe's and Plaintiff are hereinafter jointly referred to as the Parties.

(b)     Defendants anticipate that they may need to produce material that contains proprietary information concerning their business practices and procedures for the operation of their facilities that may be of value to a competitor or may cause harm to their legitimate business interests in the marketplace;

(c)     Defendants further anticipate that they may need to produce non-

1

STIPULATED PROTECTIVE ORDER

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  public information concerning Plaintiff or non-parties that is personal in nature and/or

2  protected by the right of privacy;

3         (d)    The issuance of this Order will allow for efficiency in the

4  discovery process and provide a mechanism by which discovery of relevant

5  confidential information may be obtained in a manner that protects against risk of

6  disclosure of such information to persons not entitled to such information; and

7         (e)    The issuance of this Order will protect the parties' interests by

8  providing the parties recourse in this Court in the event that a party or non-party

9  improperly handles nonpublic, confidential, proprietary, commercially-sensitive

10  and/or trade secret information that the parties have had to exchange in the course of

11  discovery propounded and depositions taken in this action.

12  2.    <u>DEFINITIONS</u>

13      2.1    <u>Challenging Party</u>:  Party or Non-Party that challenges the designation of

14  information or items under this Order.

15      2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

16  how it is generated, stored or maintained) or tangible things that qualify for protection

17  under Federal Rule of Civil Procedure 26(c).

18      2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House

19  Counsel (as well as their support staff).

20      2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or

21  items that it produces in disclosures or in responses to discovery as

22  "CONFIDENTIAL."

23      2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

24  the medium or manner in which it is generated, stored, or maintained (including,

25  among other things, testimony, transcripts, and tangible things), that are produced or

26  generated in disclosures or responses to discovery in this matter.

27      2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

28  pertinent to the litigation who (1) has been disclosed by a Party or its counsel to serve

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7  In-House Counsel:  attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9  Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10  Party:  any party to this action, including all of its officers, directors, employees, consultants and Outside Counsel of Record (and their support staffs).

2.11  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not

4

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1 swept unjustifiably within the ambit of this Order.

2 Mass, indiscriminate, or routinized designations are prohibited. Designations

3 that are shown to be clearly unjustified or that have been made for an improper

4 purpose (e.g., to unnecessarily encumber or retard the case development process or to

5 impose unnecessary expenses and burdens on other parties) expose the Designating

6 Party to sanctions.

7 If it comes to a Designating Party's attention that information or items that it

8 designated for protection do not qualify for protection at all or do not qualify for the

9 level of protection initially asserted, that Designating Party must promptly notify all

10 other parties that it is withdrawing the mistaken designation.

11 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in

12 this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that

13 qualifies for protection under this Order must be clearly so designated before the

14 material is disclosed or produced.

15 Designation in conformity with this Order requires:

16 (a) <u>for information in documentary form</u> (e.g., paper or electronic

17 documents, but excluding transcripts of depositions or other pretrial or trial

18 proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

19 page that contains protected material. If only a portion or portions of the material on a

20 page qualifies for protection, the Producing Party also must clearly identify the

21 protected portion(s) (e.g., by making appropriate markings in the margins) and must

22 specify, for each portion, the level of protection being asserted.

23 A Party or Non-Party that makes original documents or materials available for

24 inspection need not designate them for protection until after the inspecting Party has

25 indicated which material it would like copied and produced. During the inspection

26 and before the designation, all of the material made available for inspection shall be

27 deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

28 it wants copied and produced, the Producing Party must determine which documents,

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. Alternatively, the Designating Party has 21 days after the conclusion of the deposition to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. A Designating Party may also, in the alternative, specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

STIPULATED PROTECTIVE ORDER

requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

STIPULATED PROTECTIVE ORDER

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the designation under Local Rule 230 (and in compliance with Local Rules 140 and 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.  Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level

8

of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b)      the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)      the court and its personnel;

    (e)      court reporters and their staff, professional jury or trial consultants,

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions or testimony, and prior to their depositions and testimony for preparation purposes, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the

10

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1  subpoena or order issued, unless the Party has obtained the Designating Party's

2  permission.  The Designating Party shall bear the burden and expense of seeking

3  protection in that court of its confidential material – and nothing in these provisions

4  should be construed as authorizing or encouraging a Receiving Party in this action to

5  disobey a lawful directive from another court.

6  9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

7       IN THIS LITIGATION

8         (a)   The terms of this Order are applicable to information produced by

9  a Non-Party in this action and designated as "CONFIDENTIAL."  Such information

10  produced by Non-Parties in connection with this litigation is protected by the

11  remedies and relief provided by this Order.  Nothing in these provisions should be

12  construed as prohibiting a Non-Party from seeking additional protections.

13         (b)   In the event that a Party is required, by a valid discovery request,

14  to produce a Non-Party's confidential information in its possession, and the Party is

15  subject to an agreement with the Non-Party not to produce the Non-Party's

16  confidential information, then the Party shall:

17         (i)   promptly notify in writing the Requesting Party and the

18  Non-Party that some or all of the information requested is subject to a confidentiality

19  agreement with a Non-Party;

20         (ii)   promptly provide the Non-Party with a copy of the

21  Stipulated Protective Order in this litigation, the relevant discovery request(s), and a

22  reasonably specific description of the information requested; and

23         (iii)   make the information requested available for inspection by

24  the Non-Party.

25         (c)   If the Non-Party fails to object or seek a protective order from this

26  court within 14 days of receiving the notice and accompanying information, the

27  Receiving Party may produce the Non-Party's confidential information responsive to

28  the discovery request.  If the Non-Party timely seeks a protective order, the Receiving

STIPULATED PROTECTIVE ORDER

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1 Party shall not produce any information in its possession or control that is subject to

2 the confidentiality agreement with the Non-Party before a determination by the court.

3 Absent a court order to the contrary, the Non-Party shall bear the burden and expense

4 of seeking protection in this court of its Protected Material.

5 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

7 Protected Material to any person or in any circumstance not authorized under this

8 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

9 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

10 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

11 persons to whom unauthorized disclosures were made of all the terms of this Order,

12 and (d) request such person or persons to execute the "Acknowledgment and

13 Agreement to Be Bound" that is attached hereto as Exhibit A.

14 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

15 PROTECTED MATERIAL

16 When a Producing Party gives notice to Receiving Parties that certain

17 inadvertently produced material is subject to a claim of privilege or other protection,

18 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

19 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

20 may be established in an e-discovery order that provides for production without prior

21 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

22 parties reach an agreement on the effect of disclosure of a communication or

23 information covered by the attorney-client privilege or work product protection, the

24 parties may incorporate their agreement in the stipulated protective order submitted to

25 the court.

26 12. MISCELLANEOUS

27 12.1 Right to Further Relief. Nothing in this Order abridges the right of any

28 person to seek its modification by the court in the future.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rules 140 and 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A Party seeking to file Protected Materials ("Filing Party") shall notify Designating Party of its intent to file Protected Materials five (5) days prior to the date of filing. Within three (3) days of the date of service of the Filing Party's written notice via e-mail, the Designating Party shall offer the Filing Party any changes in designation of Confidential Material such that the material need not be filed under seal. Without written permission from the Designating Party to file the Protected Materials in the public record, Filing Party shall file a "Notice of Request to Seal Documents" with its pleading pursuant to Local Rule 141, and the Designating Party shall file the "Request to Seal Documents." Pending the Court's determination of Designating Party's "Request to Seal Documents" per Local Rule 141, Filing Party shall file a redacted version of the records in the public record, and lodge an unredacted version of the record with the Court. Filing Party shall identify the redacted version on the cover as "Public-Redacts materials from conditionally sealed record." Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is entitled to protection under the law. If a Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Filing Party may file the Protected Material in the public record pursuant to Local Rule 141 unless otherwise instructed by the court.

STIPULATED PROTECTIVE ORDER

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, and upon written request, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon written request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED.
DATED:  August 5, 2019                    BROCK & GONZALES LLP

                                          By:   /s/ Sheryl Marx
                                                SHERYL MARX
                                                Attorneys for Plaintiff
                                                MONICA GONZALES

14

DATED:  August 8, 2019                              HUNTON ANDREWS KURTH LLP


                                          By:    /s/ Anh Shigekawa
                                                 ROLAND JUAREZ
                                                 ANH SHIGEKAWA
                                                 Attorneys for Defendant
                                                 LOWE'S HOME CENTERS, LLC


**ORDER**

    Based upon the stipulation, the Court **GRANTS** the protective order. In doing so, the parties

are reminded that they must demonstrate the legal requirements to justify a sealing order.  The mere

fact that documents come within this protective order, is insufficient justification.


IT IS SO ORDERED.

    Dated:   **August 9, 2019**                          **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Gonzales. v. Lowe's Home Centers, LLC,* Case No. 1:19-CV-00232-LJO-JLT.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____

Date

_____

Printed name

_____

Signature

_____

Address

_____

City and State where sworn and signed

023797.0002550 EMF_US 73829371v8    EXHIBIT A TO STIPULATED PROTECTIVE ORDER